**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PAUL R. RANDALL, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No. CIV-09-166-M |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, a/k/a "GEICO," | ) |
|         Defendant. | ) |

## ORDER

This case is scheduled for trial on the Court's April 2010 trial docket.

Before the Court is defendant's Motion for Partial Summary Judgment, filed February 1, 2010. On February 19, 2010, plaintiff filed his response. Based upon the parties' submissions, the Court makes its determination.

I.     Introduction

On February 10, 2004, plaintiff was involved in a car accident in which his car was rear-ended while he was stopped. Plaintiff tore his left rotator cuff in the accident and was also diagnosed with a sprain/strain of the cervical, thoracic and lumbar spine. Plaintiff's rotator cuff was repaired surgically. As a result of the accident, plaintiff incurred more than $47,000 in related medical expenses.

Plaintiff submitted a claim for UM/UIM benefits to defendant. Plaintiff received $10,000 from the tortfeasor and $100,000 of UM/UIM coverage from a different insurer. Defendant has offered plaintiff $27,000, which plaintiff has refused. Plaintiff contends he is entitled to the $300,000 limits of his UM/UIM coverage from defendant.

Plaintiff filed the instant action against defendant alleging breach of contract and bad faith. Defendant has now moved for summary judgment as to plaintiff's bad faith claim and as to certain damages asserted by plaintiff.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

   A.   Bad faith claim

The Oklahoma Supreme Court first recognized the tort of bad faith by an insurer in the case of *Christian v. Am. Home Assurance Co.*, 577 P.2d 899 (Okla. 1977). In so doing, the court held

that "an insurer has an implied duty to deal fairly and act in good faith with its insured and that the violation of this duty gives rise to an action in tort for which consequential and, in a proper case, punitive, damages may be sought." *Id.* at 904. The court further stated:

> We do not hold that an insurer who resists and litigates a claim made by its insured does so at its peril that if it loses the suit or suffers a judgment against it for a larger amount than it had offered in payment, it will be held to have breached its duty to act fairly and in good faith and thus be liable in tort.
>
> We recognize that there can be disagreements between insurer and insured on a variety of matters such as insurable interest, extent of coverage, cause of loss, amount of loss, or breach of policy conditions. Resort to a judicial forum is not per se bad faith or unfair dealing on the part of the insurer regardless of the outcome of the suit. Rather, tort liability may be imposed only where there is a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured.

*Id.* at 904-05.

In order to establish a bad faith claim, an insured "must present evidence from which a reasonable jury could conclude that the insurer did not have a reasonable good faith belief for withholding payment of the insured's claim." *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1436 (10th Cir. 1993). In order to determine whether the insurer acted in good faith, the insurer's actions must be evaluated in light of the facts the insurer knew or should have known at the time the insured requested the insurer to perform its contractual obligation. *Id.* at 1437. The essence of the tort of bad faith is

> unreasonable, bad-faith conduct, including the unjustified withholding of payment due under a policy, and if there is conflicting evidence from which different inferences might be drawn regarding the reasonableness of insurer's conduct, then what is reasonable is always a question to be determined by the trier of fact by a consideration of the circumstances in each case.

3

*McCorkle v. Great Atl. Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981).

However, the mere allegation that an insurer breached its duty of good faith and fair dealing does not automatically entitle the issue to be submitted to a jury for determination. *Oulds*, 6 F.3d at 1436. The Tenth Circuit has held:

> [a] jury question arises only where the relevant facts are in dispute or where the undisputed facts permit differing inferences as to the reasonableness and good faith of the insurer's conduct. On a motion for summary judgment, the trial court must first determine, under the facts of the particular case and as a matter of law, whether insurer's conduct may be reasonably perceived as tortious. Until the facts, when construed most favorably against the insurer, have established what might reasonably be perceived as tortious conduct on the part of the insurer, the legal gate to submission of the issue to the jury remains closed.

*Id.* at 1436-37 (internal citations omitted).

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, as the Court must when addressing a motion for summary judgment, the Court finds plaintiff has not presented sufficient evidence to create a genuine issue of material fact as to whether defendant acted in bad faith and violated its duty to deal fairly and act in good faith with plaintiff. Specifically, the Court finds that construing all of the evidence submitted in favor of plaintiff, he has simply not established what might reasonably be perceived as tortious conduct on the part of defendant. Having reviewed all of the evidence, the Court finds that there is simply a legitimate dispute between the parties concerning the value of plaintiff's claim for UM/UIM benefits.

Particularly, the Court would find that defendant's refusal of plaintiff's demand for arbitration is not evidence of bad faith. The policy of insurance involved in this case expressly provides: "Neither the insured nor we will be required to arbitrate." Oklahoma Family Automobile

Insurance Policy at 11, attached as Exhibit 39(A) to defendant's Motion for Partial Summary Judgment. Thus, under the policy, defendant had the option whether to arbitrate or not. Additionally, defendant did not simply refuse to arbitrate without offering any alternative settlement option but offered to mediate the case instead of arbitration.

Further, the Court finds that plaintiff has not submitted evidence showing that defendant deliberately ignored the workers' compensation disability information when it evaluated his claim. In fact, the evidence shows that defendant considered said information but that the information did not increase the value that defendant assigned to plaintiff's claim. The Court also finds the improper documentation in defendant's claim file alleged by plaintiff does not rise to the level of bad faith. While the documentation may not be the best that it could or should be, the Court finds that the documentation included in the claim file is reasonable.

Additionally, the Court finds that defendant's conduct in relation to settling the suit brought against it by the other insurer is not evidence of bad faith in this case. The amount defendant offered to the other insurer was consistent with the evaluation of plaintiff's claim defendant had made and the offers it had made to plaintiff. Further, the Court finds that plaintiff has not presented any evidence to show that any release requested by defendant was unreasonable and, thus, in bad faith. Finally, viewing the evidence in the light most favorable to plaintiff, the Court finds that under the circumstances presented, defendant's decision to obtain surveillance of plaintiff was reasonable and not in bad faith. *See Johnson v. Liberty Life Assurance Co. of Boston*, 262 Fed. Appx. 865, 870 (10th Cir. 2008) ("As a general matter, there is nothing procedurally improper about the use of surveillance in connection with the investigation of a disability benefits claim.").

Accordingly, based upon the above, the Court finds that defendant is entitled to summary judgment as to plaintiff's bad faith claim.

B. Damages

Defendant moves this Court for summary judgment as to plaintiff's asserted damages of lost future wages, the depletion of his retirement account, and his diabetic condition. Specifically, defendant contends that plaintiff has produced no evidence in support of these damages. Having carefully reviewed the parties' briefs and evidentiary submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has presented sufficient evidence to create a genuine issue of material fact as to his entitlement to damages for lost future wages, the depletion of his retirement account, and his diabetic condition. Accordingly, the Court finds that defendant is not entitled to summary judgment as to plaintiff's damages.

IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendant's Motion for Partial Summary Judgment [docket no. 79] as follows:

(A) The Court GRANTS summary judgment as to plaintiff's bad faith claim, and

(B) The Court DENIES summary judgment as to plaintiff's asserted damages of lost future wages, the depletion of his retirement account, and his diabetic condition.

**IT IS SO ORDERED this 5th day of March, 2010.**

*[Signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE