# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL R. RANDALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-166-M |
| | ) | |
| GOVERNMENT EMPLOYEES | ) | |
| INSURANCE COMPANY, a/k/a | ) | |
| "GEICO", | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is plaintiff's Motion for Leave of Court to Amend Complaint to Assert a Claim of Litigation Bad Faith for GEICO's Flagrant Violation of Its Continuing Duty of Good Faith, filed April 4, 2010. On April 6, 2010, defendant filed its response. Based upon the parties' submissions, the Court makes its determination.

Plaintiff asserts that despite stipulating that the duty of good faith continues post suit, defendant has, without any basis or justification, changed its position and now questions whether plaintiff was hurt at all in the automobile accident. Plaintiff further asserts that defendant's conduct is punitive towards plaintiff and that defendant has purposefully and intentionally decided to use the Court's order on defendant's motion for summary judgment as a sword against plaintiff ignoring its continuing duty of good faith and has committed bad faith as a matter of law. Plaintiff, therefore, moves the Court for leave to amend his complaint to assert a claim for bad faith litigation conduct.

Defendant, on the other hand, contends that it has engaged in completely reasonable, rational, and permissible litigation conduct. Specifically, defendant states that in the course of its defense of plaintiff's remaining claim for underinsured motorist benefits, it has simply taken the position that plaintiff, like any other plaintiff pursuing a personal injury claim, is required to comply with the

Federal Rules of Evidence.  Defendant further contends that plaintiff, in his motion, does not take issue with any claim handling action taken by defendant since March 24, 2010 but does complain that defendant's objections to certain evidence plaintiff seeks to place before the jury is a violation of its continuing duty of good faith.  Defendant, thus, submits that plaintiff's request for leave to amend is futile and should be denied.

Whether to grant leave to amend is within the trial court's discretion.  *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  However, when a motion to amend is filed after the deadline set forth in the Scheduling Order, as it is in the instant matter, the moving party must show good cause for allowing the amendment out of time.  *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990).

Having carefully reviewed the parties' submissions, the Court finds that plaintiff has not shown good cause for amending his complaint to assert a claim for bad faith litigation conduct. Specifically, the Court finds that defendant has not taken any mutually inconsistent positions in the course of this litigation but has simply defended two separate claims – a bad faith claim and a breach of contract claim.  In relation to the bad faith claim, defendant has contended that its evaluation of plaintiff's underinsured motorist claim has been at all times fair and reasonable, and in relation to the breach of contract claim, defendant has contended that plaintiff must prove the causation and damages elements of his claim for underinsured motorist benefits.  Further, the Court finds, based upon the evidence submitted, that defendant's employees and corporate representative have never

taken a position that its evaluation is "undisputed" and have testified that they are not certain what a jury will be permitted to consider or what a jury will decide the value of plaintiff's claim to be.

Additionally, the Court finds that simply because defendant, in the process of evaluating plaintiff's claim and while under a duty of good faith and fair dealing, did not dispute certain medical bills or claimed injuries does not prevent defendant, in the process of defending plaintiff's breach of contract claim, from requiring plaintiff to comply with the Federal Rules of Evidence and to prove the causation and damages elements of his breach of contract claim. The process of evaluating plaintiff's claim is more in the nature of settlement and negotiation; because defendant has the duty of good faith and fair dealing, defendant, as all insurers should, may give plaintiff the benefit of the doubt as to certain injuries and damages. However, when that settlement and negotiation does not reach a mutually agreeable result, as in this case, defendant should not be required to stipulate to positions it may have taken during that settlement process. Further, the Court would note that defendant has never taken, and is not currently taking, the position that plaintiff does not have an underinsured motorist claim; the parties merely dispute how much that claim is.

Finally, the Court finds that the conduct of which plaintiff complains and asserts is bad faith litigation conduct cannot form the basis for a bad faith litigation conduct claim. Specifically, the Court finds that the conduct of which plaintiff complains – defendant's failure to stipulate to causation and damages and its assertion of objections in the course of motions in limine and pretrial practice – are not "claims handling practices" but are "standard and facially permissible litigation steps" defendant is permitted to employ in its defense of plaintiff's remaining breach of contract claim. *See Timberlake Constr. Co. v. U.S. Fid. and Guar. Co.*, 71 F.3d 335, 340 (10th Cir. 1995).

The Court, therefore, finds that plaintiff should not be granted leave to amend his complaint to assert a claim of litigation bad faith. Alternatively, plaintiff asserts that defendant should be judicially estopped from changing its position. As set forth above, the Court finds that defendant has not changed its position and, therefore, finds that plaintiff's alternative request should be denied.

Accordingly, the Court DENIES plaintiff's Motion for Leave of Court to Amend Complaint to Assert a Claim of Litigation Bad Faith for GEICO's Flagrant Violation of Its Continuing Duty of Good Faith [docket no. 157].

**IT IS SO ORDERED this 12th day of April, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE