# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL R. RANDALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-09-166-M |
| | ) |
| GOVERNMENT EMPLOYEES | ) |
| INSURANCE COMPANY, a/k/a | ) |
| "GEICO", | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is plaintiff's Motion for New Trial, filed May 9, 2010. On May 28, 2010, defendant filed its response. Pursuant to Rules 49, 50(b)(2), and 59 of the Federal Rules of Civil Procedure, plaintiff moves the Court to grant him a new trial because the jury's verdict is inconsistent with the evidence and inadequate as a matter of law.

A jury was selected in this case on Monday, April 12, 2010. The jury trial began on Monday, April 26, 2010, and on April 28, 2010, the jury rendered its verdict. The jury's verdict awarded plaintiff $40,000 for his total compensatory damages, and by special interrogatory, the jury designated all $40,000 awarded for "economic damages", i.e., medical bills. The jury awarded nothing to plaintiff for "non-economic damages", i.e., physical and emotional pain and suffering.

Plaintiff asserts the jury's zero "non-economic" damage verdict was not supported by reasonably competent evidence, was inconsistent with the compelling and uncontradicted evidence of plaintiff's damages, and was inadequate as a matter of fact and law. Defendant contends that the jury's verdict is not inconsistent and that the jury properly awarded plaintiff nothing for pain and suffering, as plaintiff did not prove that his alleged pain and suffering was directly, solely and proximately caused by the accident.

When presented with the claim that a jury's verdict is inconsistent, "the trial court has a duty to try to reconcile the answers to the case to avoid retrial." *Harvey by and through Harvey v. Gen. Motors Corp.*, 873 F.2d 1343, 1347 (10th Cir. 1989). Specifically,

> [i]t is the duty of the court to attempt to harmonize the answers, if it is possible under a fair reading of them. Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way. In determining whether there is inconsistency in the jury's findings, the findings are to be construed in the light of the surrounding circumstances and in connection with the pleadings, instructions, and issues submitted.

*Id.* (internal quotations and citation omitted). Further, in diversity cases, such as the instant case, federal courts look to state law to determine whether a verdict is, in fact, inconsistent. *Moore's Federal Practice*, § 49.20[1] (3d ed. 1997).

Under Oklahoma law,

> [w]here a jury returns a verdict allowing recovery for some elements of damages but specifically denying recovery for other elements of damages <u>which have been clearly proved</u>, and the issue of liability is the same with reference to all elements of damage, the verdict is inconsistent within itself.

*Burkett v. Moran*, 410 P.2d 876, 877-78 (Okla. 1965) (internal quotations and citation omitted) (emphasis added). However, under Oklahoma law, a jury verdict not awarding damages for pain and suffering is not inconsistent with itself when the question of whether such damages resulted from the accident was controverted at trial. *See Baker v. Locke Supply Co.*, 736 P.2d 155, 156-57 (Okla. 1987).

Having carefully reviewed the parties' submissions and the evidence presented at trial, the Court finds that the jury's verdict in this case is not inconsistent. During the trial, the proximate cause of plaintiff's pain and suffering was controverted. Plaintiff presented evidence that his pain

2

in his shoulder and back was solely the result of the injuries he sustained in the accident at issue. Defendant presented evidence that plaintiff had pre-existing conditions in his back and shoulder that could be the cause of plaintiff's pain and suffering. The Court finds it is clearly possible that the jury in this case, after weighing the disputed evidence concerning plaintiff's claims of pain and suffering, could have determined that plaintiff had not satisfied his burden of proof with respect to his claim that his back and shoulder pain and suffering were solely and proximately caused by the accident at issue and on that basis awarded plaintiff nothing for pain and suffering. The Court further finds that based upon the evidence presented, the jury could have determined that a small scar on plaintiff, which was never displayed to the jury, had no value. Finally, the Court finds that because there was conflicting evidence as to the cause of any alleged permanent injury to plaintiff's shoulder, it is clearly possible that the jury could have determined that any permanent injury was due to severe tendinitis and not due to the accident at issue and, therefore, the jury's verdict awarding no damages for permanent injury is not inconsistent.

Accordingly, for the reasons set forth above, the Court DENIES plaintiff's Motion for New Trial [docket no. 208].

**IT IS SO ORDERED this 8th day of September, 2010.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE