# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL R. RANDALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-166-M |
| | ) | |
| GOVERNMENT EMPLOYEES | ) | |
| INSURANCE COMPANY, a/k/a | ) | |
| "GEICO", | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is plaintiff's Motion for Review of Taxation of Costs, filed July 16, 2010. On August 6, 2010, defendant filed its response. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

On January 21, 2009, plaintiff filed this action in the District Court of Oklahoma County, State of Oklahoma alleging breach of contract and bad faith against defendant. On February 10, 2009, defendant removed this action to this Court. On February 1, 2010, defendant filed a Motion for Partial Summary Judgment. On March 5, 2010, the Court granted summary judgment as to plaintiff's bad faith claim. Plaintiff's remaining breach of contract claim proceeded to trial on April 26, 2010, and on April 28, 2010, the jury returned a verdict in favor of plaintiff in the amount of $40,000. Because plaintiff had already recovered $110,000 in insurance proceeds from other insureds, judgment was entered in favor of plaintiff and against defendant in the amount of $0.00. On May 12, 2010, defendant filed its Bill of Costs and its brief in support of its bill of costs. On July 15, 2010, costs were assessed against plaintiff in the amount of $31,219.91. Plaintiff now moves the Court to review the taxation of costs.

II.   Discussion

   A.   Reserving Ruling

In his motion, plaintiff requests that the Court reserve any ruling on defendant's Bill of Costs until after any appeal is taken in this case.[1] Plaintiff, however, sets forth absolutely no case law nor specific reason why the Court should reserve ruling on defendant's Bill of Costs until after any appeal in taken. Further, the Court finds that a decision concerning the taxation of costs would promote the interests of judicial economy and efficiency in that plaintiff could proceed contemporaneously with his anticipated appeal on the merits and with any appeal he may wish to pursue on the issue of the taxation of costs. Accordingly, the Court will not reserve its ruling on defendant's Bill of Costs until after any appeal is taken in this case.

   B.   Authority of Rick Wade to Render Decision on Bill of Costs

At the time of the hearing on defendant's Bill of Costs, Rick Wade, a deputy clerk in the office of the Clerk of Court of the Western District of Oklahoma, who is the Operations Manager of the office, informed the parties that the Court Clerk was not available and that he would be presiding over the hearing. At the conclusion of the hearing, Mr. Wade awarded costs to defendant. Plaintiff now asserts that Mr. Wade was not authorized to render a decision on defendant's Bill of Costs.

Pursuant to 28 U.S.C. § 1920, "a judge or clerk of any court of the United States may tax" costs. 28 U.S.C. § 1920. Because Mr. Wade is a deputy clerk of the United States District Court

---

[1] In his motion, plaintiff also requests that the Court reserve any ruling until after the Court rules on plaintiff's pending motion for new trial. On September 8, 2010, the Court denied plaintiff's motion for new trial. Accordingly, plaintiff's request to reserve ruling until after a ruling on the motion for new trial is now moot.

for the Western District of Oklahoma, the Court finds that he was authorized to tax costs in this case. Further, the Court finds that Mr. Wade was authorized to tax costs pursuant to 28 U.S.C. § 954. That section provides that when the Clerk of Court is "otherwise unavailable to perform official duties, the deputy clerks shall perform the duties of the clerk in the name of the clerk." 28 U.S.C. § 954. Accordingly, the Court finds that plaintiff's objection to the taxation of costs in this case based upon Mr. Wade's lack of authority is without merit.

    C.    Prevailing Party

Plaintiff asserts that defendant is not entitled to costs because it is not the prevailing party.

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). It is undisputed that because this Court granted summary judgment as to plaintiff's bad faith claim, defendant is the prevailing party on plaintiff's bad faith claim. Accordingly, the Court finds that defendant is entitled to any allowable costs under 28 U.S.C. § 1920 that it incurred in relation to plaintiff's bad faith claim.

The Court also finds that defendant is the prevailing party on plaintiff's breach of contract claim.[2] In the instant case, liability was not disputed; the issue was the amount of plaintiff's damages. Plaintiff had already recovered $110,000 in insurance proceeds from other insurers, and, thus, defendant was only obligated to pay plaintiff an additional sum of money if the jury determined that plaintiff's damages were greater than $110,000. Because the jury found that plaintiff's damages were $40,000, defendant did not have to pay plaintiff any additional sum of money and, thus, did

---

[2]Because the Court finds that defendant is the prevailing party on plaintiff's breach of contract claim and is entitled to costs pursuant to Rule 54(d)(1), the Court finds there is no need to address whether defendant is entitled to costs pursuant to Rule 68.

3

not breach the insurance contract by failing to pay plaintiff's insurance claim. Accordingly, the Court finds that defendant was the prevailing party on plaintiff's breach of contract claim and is entitled to any allowable costs under 28 U.S.C. § 1920 that it incurred in relation to plaintiff's breach of contract claim.

    D.    <u>Allowable Costs under § 1920</u>

Plaintiff asserts that certain costs sought by, and awarded to, defendant are unreasonable and are not properly taxed under 28 U.S.C. § 1920.

        1.    <u>The law</u>

> The costs statute allows a judge or clerk of any court of the United States to tax costs for transcripts and copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) & (4). . . .
>
> The "necessarily obtained for use in the case" standard does not allow a prevailing party to recover costs for materials that merely "added to the convenience of counsel" or the district court. To be recoverable, a prevailing party's transcription and copy costs must be "reasonably necessary to the litigation of the case." Materials produced "solely for discovery" do not meet this threshold. At the same time, we have acknowledged that materials may be taxable even if they are not "strictly essential" to the district court's "resolution of the case." The "realities of litigation occasionally dispense with the need of much of the discovery already taken by the parties when, for instance, a dispositive motion is granted by the trial court." Our cases establish that if deposition transcripts or copies were "offered into evidence," were "not frivolous," and were "within the bounds of vigorous advocacy," costs may be taxed. This standard recognizes that "caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation," including the "possibility of trial."
>
> Thus, we do not "employ the benefit of hindsight" in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case. We base this determination, instead, solely "on the particular facts and circumstances at the time the expense was incurred." The standard is one of reasonableness. If "materials or services are reasonably

4

> necessary for use in the case," even if they are ultimately not used to dispose of the matter, the district court "can find necessity and award the recovery of costs." Thus, we will not "penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case."

*In re Williams Sec. Litig. – WCG Subclass*, 558 F.3d 1144, 1147-48 (10th Cir. 2009) (internal citations omitted).

Further,

> the burden of justifying copy costs is not "a high one." A prevailing party need not "justify each copy" it makes. All a prevailing party must do to recoup copy costs is to demonstrate to the district court that, under the particular circumstances, the copies were "reasonably necessary for use in the case." . . . a description of each copy, replete with an explication of its use, is not necessarily required to satisfy this burden.

*Id.* at 1149 (internal citations omitted).

Finally, the prevailing party bears the burden of establishing the amount of costs to which it is entitled. *Id.* at 1148. "Once a prevailing party establishes its right to recover allowable costs, however, the burden shifts to the 'non-prevailing party to overcome' the presumption that these costs will be taxed." *Id.* (internal citation omitted).

### 2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case

Plaintiff asserts that the costs for certain depositions should not be taxed as they were not necessarily obtained for use in this case. Specifically, plaintiff asserts the following depositions were not used either to support defendant's Motion for Partial Summary Judgment or at trial and that their respective costs should not be allowed: Teresa Randall, Jerry Wallace, Max Sioux, Allen Brawdy, Marcus Coffelt, Elizabeth Bray, Carey Clement, and Charles Walker.

5

Having carefully reviewed all of the parties' pleadings relating to defendant's Bill of Costs, the Court finds that based upon the facts and circumstances at the time the depositions were taken, the depositions of the individuals at issue were reasonably necessary to the litigation of the instant case. Elizabeth Bray, Carey Clement, and Charles Walker are employees of defendant who had knowledge regarding plaintiff's bad faith claim. The Court finds that the depositions of these individuals were necessarily obtained for defendant's defense of plaintiff's bad faith claim. Further, in his discovery responses, plaintiff identified Teresa Randall, Jerry Wallace, Max Sioux, Allen Brawdy, and Marcus Coffelt as individuals who had knowledge of defendant's alleged actions or omissions which plaintiff maintained formed the basis of his claim of bad faith. Based upon plaintiff's representations regarding these individuals' knowledge, the Court finds that the depositions of these individuals were necessarily obtained for defendant's defense of plaintiff's bad faith claim. Accordingly, the Court finds that defendant should not be denied the costs associated with these depositions.

Plaintiff also asserts that the videotapes of the discovery depositions of Paul Randall, Teresa Randall, Kim King, and Tye Smith are unnecessary duplicitous costs incurred only for the convenience of defendant's attorneys and should not be allowed. Further, plaintiff asserts that no portion of any of these videos were used at trial. Based upon the facts and circumstances at the time the depositions were taken, the Court finds that the videotapes of these depositions were reasonably necessary to the litigation of the instant case. The credibility of Paul Randall and Teresa Randall was a central issue in this case. The Court finds that videotapes of their depositions certainly would be useful for the purpose of impeaching their testimony, if necessary, and, thus, the videotapes of their depositions were necessarily obtained for use in this case. Additionally, Kim King and Tye

Smith are professionals, and their ability to appear at trial was not guaranteed. In light of that, the Court finds that it was certainly reasonable for defendant to have their depositions videotaped, and, thus, the videotapes of their depositions were necessarily obtained for use in this case. Accordingly, the Court finds that defendant should not be denied the costs associated with the videotapes of these depositions.

Finally, plaintiff asserts the costs for the transcript of the discovery conference which was held on July 28, 2009 should not be taxed as the transcript was not necessarily obtained for use in this case and the costs were incurred for the convenience of defendant's attorneys. Having carefully reviewed the parties' submissions, the Court finds the transcript of the discovery conference merely added to the convenience of defense counsel and, thus, was not reasonably necessary to the litigation of the case. Accordingly, the Court finds that defendant should be denied the $427.74 in costs incurred in obtaining the transcript of the discovery conference.

### 3. Fees and disbursements for printing and witnesses

Plaintiff contends the expert witness fees regarding Dr. Dennis Foster were inaccurately assessed. In its response, defendant concedes that these fees were inaccurately assessed and that the recoverable witness fee for Dr. Foster's attendance at each of his depositions is $40.00 per deposition. Defendant, therefore, withdraws its request of $3,000 for expert witness fees for Dr. Foster and amends its request to seek $80.00. Having reviewed the parties' submissions, the Court finds that defendant should be awarded $80.00 for witness fees for Dr. Foster.

Plaintiff also contends defendant should not be allowed to recover the witness fees for the following depositions as these depositions were not used in evidence or in support of the Motion for Partial Summary Judgment: Teresa Randall, Jerry Wallace, Max Sioux, Sarah Brawdy, Marcus

Coffelt, J. W. Anderson, Bill Fryar, Melissa Fryar, Felicia Brawdy, and Allen Brawdy. Having carefully reviewed all of the parties' pleadings relating to defendant's Bill of Costs, the Court finds these witness fees were reasonably and necessarily incurred in this case and are, therefore, recoverable as costs. Accordingly, the Court finds defendant should not be denied these witness fees.

    4. **Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case**

Plaintiff asserts that most of the claimed costs for exemplification and copies are for materials not used in this case and many of the charges are for convenience charges, none of which should be recoverable as costs. "[T]he burden of justifying copy costs is not 'a high one.'" *In re Williams Sec. Litig.*, 558 F.3d at 1149. Having carefully reviewed the parties' submissions, the Court finds that defendant has satisfied its burden of showing that the copies were necessarily obtained for use in this case. Accordingly, the Court finds defendant should not be denied the costs of making these copies.

III. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART plaintiff's Motion for Review of Taxation of Costs [docket no. 219] and AWARDS defendant costs in the amount of $27,872.17.

**IT IS SO ORDERED this 15th day of September, 2010.**

*[Signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE